# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| J.B. NOTTINGHAM, INC., | Civ. Action No. 6:24-CV-2232 |
| Plaintiff, | |
| v. | |
| COOPER CROUSE-HINDS, LLC, and JO-KELL INC., | |
| Defendants. | |

## PLAINTIFF J.B. NOTTINGHAM, INC.'S DAUBERT MOTION TO EXCLUDE OPINION NO. 3 (STATUTORY DAMAGES) OFFERED BY DEFENDANT'S EXPERT SIDNEY P. BLUM

# **TABLE OF CONTENTS**

I.   INTRODUCTION................................................................................................1

II.  BACKGROUND................................................................................................4

III. LEGAL STANDARD........................................................................................5

IV. ARGUMENT ....................................................................................................7

   A.  Opinion No. 3 is not a Rule 702 "opinion": Mr. Blum reaches no conclusion and offers only attorney argument guised as "expert" testimony. .................................................................................................7

   B.  Opinion No. 3 applies a legally incorrect framework that the Eleventh Circuit has rejected..............................................................................10

   C.  Opinion No. 3 invades the jury's province on willfulness and intent...........12

V.  CONCLUSION .................................................................................................14

Plaintiff J.B. Nottingham, Inc. ("JBN"), pursuant to Federal Rules of Evidence 104(a) and 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), respectfully moves to exclude Opinion No. 3 concerning statutory damages[1] offered by Defendant Cooper Crouse-Hinds, LLC's[2] ("CCH") damages expert Sidney P. Blum ("Blum Report") (to be filed under seal).

## I.     INTRODUCTION

CCH retained Mr. Blum, a certified public accountant, "to assist in the determination of unjust enrichment or statutory damages." Blum Report ¶5, 7, 42. Specifically, Blum's Report is prepared "in connection with [JBN's] claims for trademark infringement, counterfeiting, and unfair competition." *Id.* ¶2. As to statutory damages, however, Mr. Blum's report does the opposite of what an expert is meant to opine – it provides a limited self-imposed methodology, and it reaches no conclusion other than the same actual damages under the unjust enrichment opinion. Five separate times, Mr. Blum disclaims any opinion on the amount of any statutory damages that the jury may potentially award to JBN.

---

[1] This motion is directed solely to Opinion No. 3 of Mr. Blum's report (Blum Report ¶127-159). JBN does not at this time and by this motion seek to exclude Mr. Blum's Opinion No. 1 (unjust enrichment, *id.* ¶53-73) or Opinion No. 2 (valuation, *id.* ¶74-126). For the avoidance of doubt, however, nothing herein constitutes or effects an election of remedies under 15 U.S.C. § 1117. JBN reserves all rights with respect to those opinions and the form its damages recovery.

[2] Defendant Jo-Kell Inc. was dismissed on April 22, 2026. See Doc. 64.

Blum's Report and Opinion No. 3 for Statutory Damages expressly states:

- "I offer no opinion as to the appropriate of statutory damages amount ..., and the ultimate determination of statutory damages remains a matter for the Court."

- "I offer no opinion as to the amount any actual losses suffered by the Plaintiff...."

- "Accordingly, I offer no opinion as to a final measure of Defendant's profits beyond the gross margin figures noted above, and the ultimate determination of any recoverable benefit remains a matter for the Court based on the full evidentiary record."

- "Accordingly, I offer no opinion as to the level of statutory damage, if any, required to serve a deterrent purpose."

- "Accordingly, I offer no opinion as to the appropriate amount of statutory damages, if any, and the ultimate determination remains a matter for the Court based on the full evidentiary record and applicable legal standards."

*See id.* ¶132, 134, 137, 139, 141.

Mr. Blum bases his Opinion No. 3 for statutory damages on five factors, then concludes by expressly stating he has no opinion formed for either of those five factors, see *supra*, and ultimately concedes that "the standard damages factors based [in his opinion] ***do not encompass several additional*** considerations that are ***typically*** evaluated in a comprehensive damages analysis." *Id.* ¶142.[3] Having disclaimed the only financial question he was retained to address, Mr. Blum devotes the balance of Opinion No. 3 to characterizing CCH's conduct as "low-volume

---

[3] Unless otherwise noted, all emphasis in quotations has been added.

activity may be indicative of isolated transactions, product substitution issues, or potential errors in product identification or usage, rather than evidence of a sustained commercial strategy to exploit the [JBN's] mark" that resulted in "a relatively small scale of [sales] activity" that is "de minimis." *Id.* ¶133, 140, 146. That is not expert analysis subject to *Daubert*'s reliability test – it is attorney argument by an "expert", which is routinely excluded by Florida District Courts. *Chappell v. Carnival Corporation,* 666 F.Supp.3d 1316 (S.D. Fla. 2023).

Mr. Blum's Opinion No. 3 should be excluded for three independent reasons.

First, it is not a Rule 702 opinion at all: an expert who reaches no conclusion and applies no methodology to the facts gives the gatekeeper nothing to test and the jury nothing it could not hear from counsel. *Id.* (The court excluded an expert's opinion as an "improper, unhelpful legal conclusion").

Second, to the extent Opinion No. 3 supplies any analytical framework, it is the wrong one – Mr. Blum imports a five-factor, copyright-derived test from a 1999 Southern District of New York decision and treats the small scale of CCH's actual sales and profits as the touchstone for statutory damages, the very premise the Eleventh Circuit squarely rejected one year before he signed his report in *Top Tobacco, L.P. v. Star Importers & Wholesalers, Inc.*, 135 F.4th 1344, 1350 (11th Cir. 2025).

<u>Third</u>, Opinion No. 3 invades the jury's province: Mr. Blum opines that the record reflects "isolated transactions, product substitution issues, or potential errors ... rather than ... a sustained commercial strategy to exploit the Plaintiff's mark," *id.* ¶146 – a characterization of CCH's intent and culpability that belongs to the jury, not to an accountant who concedes he "[is] not offering legal opinions," *id.* ¶5.

## II.    BACKGROUND

This is a Lanham Act trademark infringement and counterfeiting action concerning DURALINE-marked ship-to-shore electrical connectors and sleeves. CCH served the expert report of Sidney P. Blum, a certified public accountant. Mr. Blum advances three numbered opinions in his report: Opinion No. 1 (unjust enrichment / disgorgement, ¶53-73); Opinion No. 2 (valuation of alleged brand-value diminution, ¶74-126); and Opinion No. 3 (statutory damages, ¶127-159).[4]

Only Opinion No. 3 is at issue here.[5]

---

[4] Although JBN does not move to exclude Mr. Blum's Opinions #1 and 2 at this time, JBN contests the validity of the amounts ascertain as actual damages and reserves the right to present contradictory evidence and arguments at the appropriate time later in this case.

[5] Counsel for CCH stipulated in writing that Mr. Blum will not offer testimony or opinion concerning liability, trademark validity, or whether the accused STS Connectors made by CCH are legally counterfeit. To the extent Opinion No. 3 contains any statement bearing on likelihood of confusion or actual consumer confusion, JBN understands those statements to be withdrawn and does not separately address them here.

In Opinion No. 3, Mr. Blum constructs a "five factor" framework drawn from *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161 (S.D.N.Y. 1999) (comparable statutory awards, extend of infringement, actual losses to plaintiff, actual benefit to defendant, whether deterrence is needed in the relevant market), and from copyright-law sources. Blum Report ¶129. He states that he will "address these five items, plus several others" that "courts typically consider" when awarding statutory damages, *id.* ¶129-30, yet he declines to offer any opinion on the amount of statutory damages, *id.* ¶132, 134, 137, 139, 141. He characterizes the approximately $17,297 in net third-party sales and $9,667.82 in associated gross margin as "de minimis in absolute terms." *Id.* ¶133. He also provides extensive commentary on the "statutory damages conclusion based on [the] five factors" and "additional considerations beyond the five point framework." *Id.* ¶140-59. He concludes the "limitations [he has identified] should be considered by the Court in evaluating the appropriate level of statutory damages, if any, and in determining the weight to be given to unsupported or generalized assertions of harm." *Id.* ¶159.

## III.    LEGAL STANDARD

Federal Rule of Evidence 702 charges the district court to act as a gatekeeper, "'screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand.'" *Wheel Pros, LLC v. Rhino Tire USA, LLC*, No. 22-cv-2171-JSS, 2024 WL 3466622, at *2 (M.D. Fla. July 18, 2024) (quoting *Corwin*

5

*v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007); *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 850 (11th Cir. 2021) (quoting *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010)).

> Admissible expert testimony must meet three distinct criteria:
>
> (1)    the expert is qualified to testify competently regarding the matters he intends to address;
> (2)    the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in [*Daubert*]; and
> (3)    the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id.* (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998))) (formatting adjusted); *see also Moore*, 995 F.3d at 851 (quoting *Frazier*, 387 F.3d at 1260) (The basic *Daubert* requirements of "qualification, reliability, and helpfulness [are] distinct concepts and the courts must take care not to conflate them.").

"The party offering an expert has the burden of satisfying each of these elements by a preponderance of the evidence." *Id.* (citing *Frazier*, 387 F.3d at 1260 and *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005)). "However, courts must not 'improperly use the admissibility criteria to supplant a plaintiff's right to a jury trial: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are

the traditional and appropriate means of attacking shaky but admissible evidence.'"

*Id.* (quoting *Moore*, 995 F.3d at 850 (quoting *Daubert*, 509 U.S. at 596)).

## IV.    ARGUMENT

### A.    Opinion No. 3 is not a Rule 702 "opinion": Mr. Blum reaches no conclusion and offers only attorney argument guised as "expert" testimony.

The threshold problem with Opinion No. 3 is that there is no expert opinion provided under the *Daubert* standard. Mr. Blum was "asked to examine items that may help the court determine statutory damages," but he states: "I do not recommend the statutory damages to be awarded, rather I only provide information for the benefit of the court if it wishes to consider the information." Blum Report ¶47. However, statutory damages are a question of fact for the jury, not for Blum to subjectively decide. Consistent through Opinion No. 3. Blum repeats that disclaimer five times, refusing to opine on the amount supported by comparable awards (¶132), on actual losses (¶134), on CCH's benefits (¶137), on the level of damages required for deterrence (¶139), and on "the appropriate amount of statutory damages, if any" (¶141).

Rule 702(d) requires that an expert's opinion "reflect[] a reliable application of the principles and methods to the facts of the case." Experts may not offer legal conclusions as opinions. See *United States v. F.E.B. Corp.*, 52 F.4th 916, 932 (11th Cir. 2022) ("While expert witnesses may offer opinions on an 'ultimate issue' in a

7

case, they may not offer 'legal conclusions.'") An expert who applies no methodology and reaches no conclusion gives the court nothing to evaluate under that standard and is merely resorting to legal conclusions. This Court confronted that defect in *Lancaster v. Harrow*, No. 17-cv-634-T-33JSS, 2018 WL 3650119 (M.D. Fla. Mar. 28, 2018) (Sneed, M.J.). In *Lancaster,* the court held that while a CPA damages opinion "provide[d] a *description* of the methodology he *would* use" he "d[id] not actually provide any explanation of the steps or formula he would employ, i.e., his methodology." *Id.* at *5. However, "to be admissible, the opinion must have the necessary indicia of reliability to survive the court's gatekeeping function." *Id.* at *6. The Court thus found: "The absence of methodology precludes the court from conducting its gatekeeping function as the court is unable to assess the reliability of [the] opinion." *Id.* at *7. It added that the testimony "could mislead, rather than help, the jury," *id.*, and recommended "excluding [the] report ... and testimony," *id.* at *8.

Mr. Blum's Opinion No. 3 is *Lancaster* in all material respects. Mr. Blum recites a "framework," declines to apply it to reach any conclusion, refuses to apply "***several additional*** considerations that are <u>typically </u>evaluated in a comprehensive damages analysis" (Blum Report ¶142), and instead assembles a one-sided narrative that every metric is small therefore no statutory damages are available to opine. That is the express legal argument and conclusions *Daubert* is meant to preclude, i.e., legal conclusions not expert analysis grounded in a reliable methodology. Other

8

courts agree that a damages expert who recites the statutory mechanism without calculating or opining on an amount must be excluded.

For example, in *PNC Financial Services Group, Inc. v. Plaid Inc.*, the court excluded a damages expert's statutory-damages opinion because the expert "does not actually calculate the total statutory damages available for recovery – he only reiterates the statutory mechanism to do so." No. 20-cv-1977, 2024 WL 3691607, at *9 & n.6 (W.D. Pa. Aug. 7, 2024). Opinion No. 3 shares the identical flaw and therefore warrants exclusion from trial.

Additionally, in S*kypoint Advisors, LLC v. 3 Amigos Productions, LLC*, the Middle District excluded an expert report because he "use[d] the wrong measure of damages" and "d[id] not explain [the reasons]" for his calculations, making the testimony unreliable and inadmissible. 585 F. Supp 3d 1326, 1332-33 (M.D. Fla. 2022); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (explaining that "while experts commonly extrapolate from existing data," "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert," and "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered"); C*ook*, 402 F.3d at 1111 ("[A] trial court may exclude expert testimony that is imprecise and unspecific, or whose factual basis is not adequately explained." (quotation omitted)).

9

Blum likewise fails to provide the adequate statutory damages analysis and resorts to a limited five factor test which he provides "no opinion" each of the five times as it applies to statutory damages for trademark infringement/counterfeiting. Consequently, his opinion must be excluded.[6]

### B.    Opinion No. 3 applies a legally incorrect framework that the Eleventh Circuit has rejected.

To the extent Opinion No. 3 rests on any framework, it is one the Eleventh Circuit has expressly and specifically repudiated as recently as last year stating that statutory damages are not limited to actual damages. *Top Tobacco,* 135 F.4th at 1350. As demonstrated above, Mr. Blum builds his statutory-damages discussion on

---

[6] Notably, Mr. Blum's practice of offering speculative narrative in place of applied analysis has drawn judicial exclusion under *Daubert* before. In *Banga v. Kanios*, the court precluded reliance on his testimony and report, holding that "many (if not most) of Dr. Blum's conclusions are rooted in unreliable data, such as outdated articles, vague statistics, and unreasonable comparisons to other law schools." Consequently, the court held "Dr. Blum has not been qualified as an expert witness under Rule 702, and ... his testimony would not assist the jury and could cause unfair prejudice," that many of his "conclusions are rooted in unreliable data," and that his "calculations rely on a series of inferential leaps that are unduly speculative." No.16-cv-04270, 2023 WL 1934484, at *1 (N.D. Cal. Jan. 24, 2023); *see also id.*, 2021 WL 4133754, at *3 (N.D. Cal. Sept. 10, 2021) ("Because Blum does not base his opinion on reliable methods, he cannot be considered an expert under Federal Rule of Evidence 702.").

*Banga* arose in a different substantive context – a pro se plaintiff's lost-earnings claim – and JBN does not contend that exclusion there compels exclusion here. The point is narrower: the reliability failure the *Banga* courts identified (speculative narrative untethered to a reliable, applied methodology) is the same failure presented by Opinion No. 3.

a "five factor" test drawn from *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161 (S.D.N.Y. 1999) – a 1999 out-of-circuit decision that itself looked to "the caselaw interpreting the statutory damage provision of the Copyright Act, 17 U.S.C. § 504(c)" – and from copyright-law model instructions. Blum Report ¶129-131. The unifying premise of Mr. Blum's discussion is that because actual sales and profits were small, statutory damages should be small: he stresses that the figures are "limited" and "de minimis in absolute terms," *id.* ¶133, 140, and concludes that "these factors do not provide a reliable economic basis for determining a specific statutory damages amount," *id.* ¶141.

Mr. Blum's premise is contrary to controlling Eleventh Circuit law. In *Top Tobacco* – a published decision issued roughly one year before Mr. Blum signed his report – the Eleventh Circuit held that "[n]othing in section 1117(c) nor precedent suggests that statutory damages must be related to actual damages; instead, all signs point toward the opposite conclusion." 135 F.4th at 1350. "The lodestar for the legality of an award for statutory damages is the range enshrined by Congress – not the amount of actual damages." *Id.* The court expressly ruled that the "jury had wide latitude to award a within range verdict ***regardless*** of the size of actual damages." *Id.* Consequently, the court affirmed a statutory-damages award of $123,000 per mark across nine marks – for a total of $1,107,000 – even though that award exceeded any proven actual damages (conceded to be no more than $200,000) and

11

even though the jury found the infringement was ***not willful***. *Id.* at 1347-52. Deterrence and the value of the mark remain permissible drivers of the award regardless of willfulness: "[t]hat we stated that a jury can consider deterrence when the infringement is willful does not mean that a jury cannot also consider deterrence when the infringement is not willful." *Id.* at 1352.

An expert opinion that rests on, and would convey to the jury, a legal premise the controlling court of appeals has rejected does not assist the trier of fact and is properly excluded. *See Frazier*, 387 F.3d at 1262-63. Opinion No. 3 would invite the jury to do exactly what *Top Tobacco* forbids – anchor a § 1117(c) statutory award to CCH's modest actual sales and profits. Presenting that opinion would not aid the jury's task; it would distort it. On the other hand, Section 1117(c) states that plaintiffs may pursue statutory damages "instead of actual damages and profits," further conceding they are separate and distinct from one another. *Top Tobacco*, 135 F.4th at 1350, quoting, 15 U.S.C. § 1117(c) (emphasis original); *see also* A*merican Airlines, Inc. v. Spada*, 2024 WL 4472016 (S.D. Fla. Sept. 21, 2024) (awarding $3,000,000.00 total of willful statutory counterfeiting damages ($1,000,000.00 per mark) where there was no evidence of any actual damages).

**C.    Opinion No. 3 invades the jury's province on willfulness and intent.**

Mr. Blum opines that the conduct at issue "may be indicative of isolated transactions, product substitution issues, or potential errors in product identification

12

or usage, rather than evidence of a sustained commercial strategy to exploit the Plaintiff's mark." Blum Report ¶146. Stripped of its accounting vocabulary, that is an opinion that CCH did not act willfully – that its conduct was inadvertent rather than a deliberate strategy to exploit JBN's mark. Adverse to Blum's contention, however, willfulness is not a financial question. It fixes the applicable statutory ceiling, compare 15 U.S.C. § 1117(c)(1) (non-willful statutory damages of $1,000 to $200,000 per mark), with *id.* § 1117(c)(2) (willful statutory damages of up to $2,000,000 per mark), and the amount of statutory damages, together with the culpability inputs that bear on it, is a question for the jury – not an expert. *See Top Tobacco*, 135 F.4th at 1350 (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998)) (the Seventh Amendment affords a jury-trial right "on all issues pertinent to an award of statutory damages ..., including the amount itself"); *Daimler Truck AG v. Partnerships and Unincorporated Associations Identified on Schedule A*, 794 F.Supp.3d 1300 (2025) (The Eleventh Circuit has clarified that trademark owners may be entitled to statutory damages up to $2,000,000 per defendant per counterfeit mark per type of good infringed when the infringement is willful.). A witness who expressly disclaims any legal opinion – "I am not offering legal opinions and express no view as to the application or interpretation of the law," Blum Report ¶5 – may not then tell the jury that CCH's conduct was not a willful "strategy to exploit the Plaintiff's mark." Expert testimony that opines on a party's

13

intent or that resolves a culpability question reserved for the jury is inadmissible. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("An expert may testify as to his opinion on an ultimate issue of fact. Fed.R.Evid. 704. An expert may not, however, merely tell the jury what result to reach. *Id.*"); see also, *Cook*, 402 F.3d at 1111 (a court "may exclude expert testimony that is imprecise and unspecific, or whose factual basis is not adequately explained").

Mr. Blum's opinions at ¶146 – and any similar testimony characterizing CCH's intent or the willful or inadvertent nature of its conduct – must be excluded.

## V.    CONCLUSION

Mr. Blum's Opinion No. 3 should be excluded. He cannot take the stand as an accountant to "offer no opinion as to the appropriate amount of statutory damages, if any," but then tell the jury that from his "expert" perspective CCH's trademark counterfeiting was "isolated" or caused by "potential errors in product identification," resulting in a "limited" amount of "de minimis" actual damages. That is not an expert opinion rooted in reliable methods and data – it is CCH's attempt at an end-run around controlling Eleventh Circuit authority authorizing the jury to set the amount of statutory damages anywhere up to the $2m per mark maximum authorized by Congress. *See Top Tobacco*, 135 F.4th 1350.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

In compliance with Local Rule 3.01(g), counsel for the parties have conferred in good faith concerning the issues raised in this motion. CCH opposes this motion.

14

Dated: June 9, 2026

Respectfully submitted,

*/s/Joshua D. Curry*

Joseph R. Englander
Florida Bar No.: 935565
Pedro Stefan Quintana
Florida Bar No. 1026411
LEWIS   BRISBOIS   BISGAARD
& SMITH LLP
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
Email:
joseph.englander@lewisbrisbois.com
pedro.quintana@lewisbrisbois.com
E-Service:
ftlemaildesig@lewisbrisbois.com

Joshua D. Curry
Florida Bar No.: 36925
LEWIS   BRISBOIS   BISGAARD   &
SMITH LLP
600 Peachtree St. NE, Suite 4700
Atlanta, GA 30308
Ph: 404.348.8585
Fax: 404.467.8845
Email: josh.curry@lewisbrisbois.com

Benjamin A. Andersen (pro hac vice)
WISLER PEARLSTINE LLP
460 Norristown Rd., Suite 110
Blue Bell, PA 19422
Telephone: 610.825.8400
Email: bandersen@wispearl.com

Jeffrey H. Greger (pro hac vice)
JEFFREY H. GREGER, PC
Virginia State Bar No.: 41500

15

5006 Kenerson Drive
Fairfax, Virginia 22032
Telephone: (571) 331-4949
Email: jeff@gregerpc.com

Thomas W. Cole (pro hac vice)
STUDEBAKER & BRACKETT PC
Virginia State Bar No.: 21341
8255 Greensboro Dr Ste 300
McLean, Virginia 22102
Telephone 703 677 2169
Email: thomas.cole@sbpatentlaw.com

*Counsel for Plaintiff J.B. Nottingham, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below the foregoing document with any attachments was filed using the Court's CM/ECF System, which caused counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing.

Dated: June 9, 2026                    */s/Joshua D. Curry*

16