# EXHIBIT 1

**HIGHLY CONFIDENTIAL**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THE PNC FINANCIAL SERVICES GROUP, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>PLAID INC.,<br><br>    Defendant. | Civil Action No. 2:20-cv-1977 |

**EXPERT REPORT OF CHARLES R. LUNDELIUS, JR., CPA/ABV/CFF**

**Submitted on October 6, 2023**

**HIGHLY CONFIDENTIAL**



#### d. PNC's Statutory Damages

92.     For statutory damages under 15 U.S.C. § 1117(c), I understand that PNC may elect an award of statutory damages in the amount of (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed;

**HIGHLY CONFIDENTIAL**

or (2) if the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.

93.     I understand that PNC alleges that Plaid counterfeited four federally registered PNC Marks in Plaid Link.  Assuming that Plaid is liable for the willful infringement of all four PNC Marks, I understand that the statutory award would be calculated by multiplying the number of counterfeit marks (four) by the number of goods or services on which such counterfeit marks were used.  For example, if the jury determines that Plaid used four counterfeit marks in connection with eight different services, the statutory multiplier would be 32 (4 times 8).  This statutory multiplier would then be multiplied against the statutory award that the jury finds appropriate.  For example, if the jury determines that Plaid engaged in willful counterfeiting and determines that the maximum statutory award was appropriate, the total statutory award would be $62,000,000 ((4 counterfeit marks x 8 services) x $2,000,000).

94.     While I discuss the method of calculating a statutory award under the Lanham Act, I do not opine on (1) the number of counterfeit marks used by Plaid; (2) the number of goods and services on which Plaid allegedly used the counterfeit marks; (3) whether Plaid's counterfeiting was willful; or (4) the appropriate statutory award.

95.     Should additional information come to my attention, I may update this report.

Charles R. Lundelius, Jr.                                    October 6, 2023