# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| J.B. NOTTINGHAM, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>COOPER CROUSE-HINDS, LLC, and JO-KELL INC.,<br><br>       Defendants. | Civ. Action No. 6:24-CV-2232 |

**PLAINTIFF JBN'S UNOPPOSED MOTION FOR LEAVE TO REPLY TO DEFENDANT CCH'S RESPONSE TO JBN'S *DAUBERT* MOTION**

Plaintiff J.B. Nottingham, Inc. ("JBN") respectfully moves under M.D. Fla. L.R. 3.01(e) for leave to file a 7-page reply in support of JBN's *Daubert* Motion to Exclude Opinion No. 3 (Statutory Damages) Offered by Defendant's Expert Sidney P. Blum, limited to addressing the new facts and new law raised in Defendant Cooper Crouse-Hinds, LLC's ("CCH") Response (Doc. 84). CCH does not oppose JBN filing a reply, and as shown below, good cause supports JBN's request.

A showing of good cause is necessary to file a reply for a non-dispositive motion. M.D. Fla. L.R. 3.01(e). "[G]ood cause exists when a reply brief is needed 'to rebut any new law or facts contained in the opposition's response to a request for relief before the [c]ourt.'" *Powers v. Health First Inc.*, No. 6:23-cv-375-JSS (M.D. Fla. Jan. 13, 2026), Doc. 216 (docket text order) (quoting *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011)).

Good cause supports granting JBN a brief reply to CCH's *Daubert* Response.

First, CCH's Response argues the factors a factfinder may use to set the amount of statutory damages are a proper topic for expert testimony, but the authorities CCH cites do not support that premise – and CCH has already conceded that CCH misattributed the centerpiece case of CCH's Response. After JBN identified the error in conferral earlier today, CCH's errata (Doc. 87) reassigned the Response's block-quoted statutory-damages framework (Doc. 84 at 13) from *Belen*

1

*Jesuit* to *Shenzhen Dejiayun Network Tech. Co. v. Li*, 2025 WL 1436320, at *11 (S.D. Fla. May 20, 2025) – a default-judgment recommendation in which the court, with no expert and no jury, set the award. That posture runs through all of CCH's statutory-damages cases: each is a default or court-set award in which no expert testified. And none of CCH's cases – including *Beastie Boys* – admits an expert to opine on the amount of statutory damages or to apply the factors for setting the amount of statutory damages the jury should award to the facts of the case. *Beastie Boys* approved only brand-value and profit testimony as an input the factfinder weighs. *See* 983 F. Supp. 2d at 363-64. Numerous cases – including CCH's – exclude experts that attempt to narrate the facts to the jury and put an expert's spin on how the jury should view those facts, as Blum has done here. *See, e.g.*, *Ohio State Troopers Ass'n v. Point Blank Enters., Inc.*, No. 18-cv-63130, 2020 WL 1666763, at *15 (S.D. Fla. Apr. 3, 2020) (an expert may not "become a vehicle for factual narrative," and one who does "nothing more than act as narrators of facts" "fail[s] to convey opinions based on [his] knowledge and expertise"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 507-08 (S.D.N.Y. 2015) (excluding testimony "presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence" and that "simply regurgitates evidence already in the record in narrative form").

2

Second, the Response asks the Court to apply a superseded standard. Every case in CCH's "legal standards" section (Doc. 84 at 4-5) predates the December 1, 2023 amendment to Rule 702 and presses the very approach the amendment repudiated – the view that "the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility." The Advisory Committee amended the rule because such rulings "are an incorrect application of Rules 702 and 104(a)." Fed. R. Evid. 702 advisory committee's note to 2023 amendment. CCH's Response never acknowledges the amended rule.

Third, CCH's Response attaches new evidence that defeats the distinction the new evidence was offered to support. (Doc. 84 at 8.) To distinguish *PNC Financial Services*, CCH filed an excerpt of the PNC expert report excluded there and argued that PNC's expert report was excluded because it lacked an analysis applying the statutory damages factors. *PNC Financial Services*, however, excluded PNC's expert report, suggesting that $62M [sic] might be the appropriate amount of statutory damages to award if the jury found willful infringement of 4 marks and 8 services and the $2M maximum applied (i.e., 4 x 8 x $2M = $62M [sic; $64M]), because PNC's expert "does not actually calculate the total statutory damages available for recovery – he only reiterates the statutory mechanism to do so. Discussion of that topic will be handled, if applicable at the time, by the Court." *See* 2024 WL 3691607, at *9 n.6.

3

## **LOCAL RULE 3.01(g) CERTIFICATION**

In compliance with Local Rule 3.01(g), counsel for the parties have conferred in good faith concerning the issues raised in this motion. CCH does not oppose JBN's request for leave to reply, but CCH does not agree with any of the arguments JBN intends to make in the requested reply.

Dated: July 14, 2026

Respectfully submitted,

*/s/Joshua D. Curry*
Joseph R. Englander
Florida Bar No.: 935565
Pedro Stefan Quintana
Florida Bar No.: 1026411
LEWIS BRISBOIS BISGAARD
& SMITH LLP
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
Email:
joseph.englander@lewisbrisbois.com
pedro.quintana@lewisbrisbois.com
E-Service:
ftlemaildesig@lewisbrisbois.com

Joshua D. Curry
Florida Bar No.: 36925
LEWIS BRISBOIS BISGAARD &
SMITH LLP
600 Peachtree St. NE, Suite 4700
Atlanta, GA 30308
Ph: 404.348.8585
Fax: 404.467.8845
Email: josh.curry@lewisbrisbois.com

Benjamin A. Andersen (pro hac vice)
WISLER PEARLSTINE LLP
460 Norristown Rd., Suite 110

4

Blue Bell, PA 19422
Telephone: 610.825.8400
Email: bandersen@wispearl.com

Jeffrey H. Greger (pro hac vice)
JEFFREY H. GREGER, PC
Virginia State Bar No.: 41500
5006 Kenerson Drive
Fairfax, Virginia 22032
Telephone: (571) 331-4949
Email: jeff@gregerpc.com

Thomas W. Cole (pro hac vice)
STUDEBAKER & BRACKETT PC
Virginia State Bar No.: 21341
8255 Greensboro Dr Ste 300
McLean, Virginia 22102
Telephone: 703 677 2169
Email: thomas.cole@sbpatentlaw.com

*Counsel for Plaintiff J.B. Nottingham, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below the foregoing document with any attachments was filed using the Court's CM/ECF System, which caused counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing.

Dated: July 14, 2026                    */s/Joshua D. Curry*

5