**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| J.B. NOTTINGHAM, INC.,<br><br>Plaintiff,<br>v.<br><br>COOPER CROUSE-HINDS, LLC, and JO-KELL INC.,<br><br>Defendants. | Case No. 6:24-CV-2232-JSS-DCI |

**JOINT MOTION TO CONTINUE TRIAL**

## I. INTRODUCTION

Plaintiff J.B. Nottingham, Inc. ("JBN") and Defendant Cooper Crouse-Hinds, LLC ("CCH") (collectively, the "Parties")[1] hereby respectfully move pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 3.08 for a continuance of the November 2, 2026 trial term to a date about 90 days after the Court's ruling on the Parties' pending cross-motions for summary judgment and Plaintiff's *Daubert* motion.

Compelling circumstances support the Parties' joint request – namely, the Court's rulings on the pending summary judgment and *Daubert* motions likely will fundamentally reshape the contours of this litigation, thus making it impracticable to prepare efficiently for trial prior to those rulings. Requiring the Parties to proceed

[1] Defendant Jo-Kell Inc. was dismissed on April 22, 2026. *See* Doc. 64.

on the current schedule would waste judicial and party resources on pretrial work that may be rendered wholly unnecessary or fundamentally altered by the Court's forthcoming rulings.

The Parties recognize that trial continuances are disfavored, but they seek this extension in good faith and not for purposes of delay, and without prejudice to any party. As detailed below, the compelling circumstances presented by the present posture of this case would make preparing for trial before the Court's rulings unnecessarily difficult and wasteful.

## II. ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order for good cause. That standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Good cause exists here because the Parties have been diligent: they completed discovery, mediated, and filed and fully briefed their dispositive and *Daubert* motions within the deadlines set by this Court. What the Parties cannot do, however diligent, is prepare a single trial package for a case whose claims, defenses, and available remedies will not be fixed until the Court rules.

The Parties' pending cross-motions for summary judgment present dispositive legal questions including: (1) from Plaintiff's side, whether the undisputed facts

establish liability on the trademark infringement and counterfeiting claims under 15 U.S.C. § 1114; and (2) from Defendant's side, whether the undisputed facts legally foreclose Lanham Act counterfeiting claims, and whether the laches defense legally forecloses all claims under the Lanham Act. (Dkt. 74-76, 78-79, 82-83, 85-86, 88-90, 92). In addition, Plaintiff has a pending *Daubert* motion, the grant or denial of which will have a significant impact on the shape of the damages testimony to be presented to the jury (Dkt. 77, 84, 87, 95).

The Court's resolution of any of these questions will either eliminate the case entirely or define precisely which issues remain for the jury. Each of the potential outcomes will dictate the scope of the Joint Final Pretrial Statement, the motions in limine, the jury instructions, the witness lists, the exhibit lists, and the additional disputes the Court will be called upon to resolve in advance of trial. For instance, should Defendant's requested relief be granted, this could resolve the case in its entirety, or resolve key claims and thereby reduce the factual issues and witnesses required at trial. Conversely, should Plaintiff's requested relief be granted, the liability phase of the trial could be avoided entirely, limiting trial preparation to the issues of willfulness and damages. Requiring the Parties to complete the full range of pretrial work before the Court rules on the pending cross-motions for summary judgment would force them to prepare two or more parallel, materially different trial

packages – an extraordinary waste of resources that alone constitutes good cause for resetting this case to the requested trial term.

Under the Court's current August 11, 2025 Case Management and Scheduling Order (Dkt. 46), the Parties face an in-person meeting of lead trial counsel on August 24, 2026 – less than two weeks away – a Joint Final Pretrial Statement deadline of September 10, 2026 – less than five weeks away – a deadline for motions in limine of September 17, 2026, and a Final Pretrial Conference on October 8, 2026. Yet the Parties do not know, for example, whether Plaintiff's counterfeiting claim, which is a centerpiece of this litigation, will survive summary judgment; whether Defendant's liability will be established and the main trial issues thus limited to damages and willfulness; or whether expert testimony will be permitted on the damages issues. If the current schedule remains in place, the Parties will be required to prepare competing jury instructions, witness examination outlines, exhibit lists, and motions in limine for claims and defenses that may be extinguished in their entirety or substantially reshaped by the pending rulings.

A ruling on the pending motions would also materially advance the prospect of settlement. The Parties participated in mediation on May 18, 2026, and continued to work with the mediator thereafter (Dkt. 68, 72), but were unable to resolve the matter due to a fundamental disagreement on the core legal questions now before the Court and the varying forms of potential relief associated with the differing legal

claims. For instance, a counterfeiting claim – which is a major focus of the Parties' cross-motions for summary judgment – provides the potential for unique remedies under 15 U.S.C. § 1117(b)-(c) that are otherwise unavailable for any other Lanham Act claim. Whether such remedies need to be addressed at trial will depend on the Court's ruling on the cross-motions for summary judgment. The Court's rulings on the summary judgment and *Daubert* motions will help the Parties more efficiently prepare for trial by defining the scope of potential relief available at trial. The rulings could also allow the Parties to reach a resolution that avoids trial entirely, further serving the interests of judicial economy.

The need for the requested continuance does not arise from any lack of diligence. This action was commenced on December 6, 2024, and the Court entered its August 11, 2025 Case Management and Scheduling Order, setting this case for the November 2, 2026 trial term. (Dkt. 1, 46). The Parties completed fact and expert discovery within the deadlines the Court set and mediated on schedule. (Dkt. 68, 72). They completed briefing on the cross-motions for summary judgment on July 14, 2026, and on Plaintiff's *Daubert* motion on July 23, 2026, after the Court granted Plaintiff leave to file a reply. Each motion was fully briefed more than three months before the November 2, 2026 trial term. All remain pending, and no hearing has been set on any of them.

The Parties also have not previously sought relief from the trial term. The Court has modified certain discovery, expert, and dispositive-motion deadlines on the Parties' motions (Dkt. 61, 66, 70), but no order has continued the November 2, 2026 trial term. This is the Parties' first request to continue trial, and it is made jointly. The concern underlying paragraphs 3 and 4 of the Scheduling Order – that a party not convert its own delay into a continuance of trial – is therefore not implicated. Continuing the trial term and entering an amended Case Management and Scheduling Order that affords the Court time to rule would instead facilitate the just, speedy, and inexpensive disposition of this action, achieving the goals of Federal Rules of Civil Procedure 1 and 16 and paragraph 10(b) of the Scheduling Order.

## III. CONCLUSION

The Parties respectfully request that the Court find good cause exists and reset the assigned trial term for this case to a trial term commencing approximately 90 days after this Court renders its decision on the pending cross-motions for summary judgment and Plaintiff's *Daubert* motion. A proposed order is attached hereto.

Date: 8/12/2026

Respectfully submitted,

*/s/Jacob M. Burr*
Thomas J. Cunningham,
Lead Trial Counsel for Defendant
Florida Bar No. 121997
Thomas.Cunningham@troutman.com
TROUTMAN PEPPER LOCKE LLP
777 S. Flagler Blvd. – Suite 215 East
West Palm Beach, FL 33401
Telephone: 561.833.7700

Jacob M. Burr (*pro hac vice*)
Jacob.burr@troutman.com
John S. Gibbs III
Florida Bar No. 91105
Evan.Gibbs@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street
Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000

*Counsel for Defendant Cooper Crouse-Hinds, LLC*

*/s/ Joshua D. Curry*
Joseph R. Englander
Florida Bar No.: 935565
Pedro Stefan Quintana
Florida Bar No. 1026411
LEWIS BRISBOIS BISGAARD
& SMITH LLP
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
Email:
joseph.englander@lewisbrisbois.com
pedro.quintana@lewisbrisbois.com
E-Service:
ftlemaildesig@lewisbrisbois.com

Joshua D. Curry
Florida Bar No.: 36925
LEWIS BRISBOIS BISGAARD &
SMITH LLP
600 Peachtree St. NE, Suite 4700
Atlanta, GA 30308
Ph: 404.348.8585
Fax: 404.467.8845
Email: josh.curry@lewisbrisbois.com

Benjamin A. Andersen (pro hac vice)
WISLER PEARLSTINE LLP
460 Norristown Rd., Suite 110
Blue Bell, PA 19422
Telephone: 610.825.8400
Email: bandersen@wispearl.com

Jeffrey H. Greger (pro hac vice)
JEFFREY H. GREGER, PC
Virginia State Bar No.: 41500
5006 Kenerson Drive

Fairfax, Virginia 22032
Telephone: (571) 331-4949
Email: jeff@gregerpc.com

Thomas W. Cole (pro hac vice)
STUDEBAKER & BRACKETT PC
Virginia State Bar No.: 21341
8255 Greensboro Dr Ste 300
McLean, Virginia 22102
Telephone: 703 677 2169
Email: thomas.cole@sbpatentlaw.com

*Counsel for Plaintiff J.B. Nottingham, Inc.*

**LOCAL RULE 3.01(g) & 3.08(b) CERTIFICATION**

In compliance with Local Rule 3.01(g), counsel for the Parties have conferred in good faith concerning the issues raised in this motion and have agreed to make this motion jointly. In compliance with Local Rule 3.08(b), counsel for the Parties certify that each of their clients has consented to the requested continuance.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below the foregoing document with any attachments was filed using the Court's CM/ECF System, which caused counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing.

Dated: /s/Jacob M. Burr